UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Anthony Dion Collins,<br><br>    Plaintiff,<br><br>v.<br><br>State of Nevada, et al.,<br><br>    Defendants. | Case No. 2:20-cv-01393-RFB-BNW<br><br>**ORDER** |

This matter is before the court on federal-prison inmate Anthony Dion Collins' application to proceed *in forma pauperis* (ECF No. 1), filed on July 27, 2020. Collins brings a lawsuit under 42 U.S.C. § 1983, *Bivens,*[1] and "the common law" for the violations of his Fifth, Sixth, and Eighth Amendment rights against Attorney General Aaron Ford, Governor Steven Sisolak, and the United States Department of Probation. He alleges that his sentence in Nevada federal case 2:95-cr-216-LDG-RJJ is based on erroneous information, and therefore incorrect. (Compl. (ECF No. 1-2).) Specifically, Collins alleges he received a sentencing enhancement in his federal case (resulting in a life-sentence) based on a state conviction he disputes as invalid.

**I.**   ***IN FORMA PAUPERIS* APPLICATION**

Collins submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant Collins' request to proceed *in forma pauperis*. The court now screens Collins' complaint.

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

## II. SCREENING

Courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, a federal court must dismiss a claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6). Review under 28 U.S.C. § 1915(e)(2) does not require that the claimant be a prisoner.[2]

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

---

[2] Based on several appellate requests for a sentence reduction, on May 8, 2020, Judge Mahan granted Collins a sentence of credit for time served. 2:29-cr-216-JCM-RJJ, ECF No. 170. Given Judge Mahan's order, Collins may no longer be incarcerated. Thus, the screening may not fall under 28 U.S.C. § 1915A(a). Still, 28 U.S.C. § 1915(e)(2)(B)(i), which is not limited to prisoners, requires the *sua sponte* dismissal of an IFP plaintiff's case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam).

544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Collin seeks damages under 42 U.S.C. § 1983, *Bivens*, and "the common law" based on violations of his constitutional rights in both state court and federal court criminal proceedings.  First, as part of Claim One, he takes issue with a Nevada state conviction (Case No. C-109813), as he claims that "[he] never caught a case in October of 1993" and that he was coerced to enter into that plea. ECF No.1-1 at 2. He explains that this conviction was later used to enhance a sentence (to a life sentence) in federal case No. 2:95-cr-216-LDG-RJJ, which is the basis for Claim Two.[3]

If a Section 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding.  *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).  Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under Section 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence.  *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114).

Collins' complaint directly attacks the validity of his state criminal conviction and the sentence in his federal case. That is, he alleges that he was coerced into pleading guilty in state court and then alleges that his federal sentence was improperly enhanced based on that state conviction. But, critically, Collins does not allege that either his state conviction or federal sentence were reversed or otherwise invalidated.[4] Given that Plaintiff's Section 1983 claim necessarily implies the invalidity of Collins' state conviction and federal sentence, Plaintiff must

---

[3] The court notes that based on several appellate requests for a sentence reduction, on May 8, 2020 Judge Mahan granted Plaintiff time served. As such, Plaintiff is no longer subject to that life-sentence. 2:29-cr-216-JCM-RJJ, ECF No. 170.

[4] It is important to note that Judge Mahan did not invalidate the prior sentence—he simply re-sentenced him based on new legislation authorizing such reductions. 2:29-cr-216-JCM-RJJ, ECF No. 170.

plead that his state conviction or federal sentence have been invalidated or reversed to bring these claims. Accordingly, the Court will dismiss Plaintiff's complaint without prejudice and with leave to amend. If Plaintiff can truthfully plead that his state conviction or federal sentence have been invalidated, he may amend his complaint.

It is worth noting that Plaintiff fares no better under a *Bivens* claim. The Ninth Circuit has stated that "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir.1991). In addition, the Ninth Circuit has held that the rationale of *Heck* applies to *Bivens* actions. *Martin v. Sias*, 88 F.3d774 (9th Cir. 1996).

Lastly, the Supreme Court likened Section 1983 claims to common law tort actions for malicious prosecution when deciding *Heck*. Thus, the Supreme Court necessarily considered common law claims and still required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. *Heck*, 512 U.S. at 484-86.

Given that Plaintiff cannot proceed unless he can truthfully allege that his state conviction or federal sentence have been invalidated, the court does not address other remaining issues in the complaint involving the capacity in which he sues each defendant, whether defendants were acting under color of state law, or whether any immunity applies.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Collins' application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Collins will not be required to pay the filing fee in this action. Collin is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the clerk of court must detach and file Collins' complaint (ECF No. 1-2) as a separate entry on the docket.

IT IS FURTHER ORDERED that Collins' complaint is DISMISSED without prejudice and with leave to amend. If Plaintiff chooses to amend his complaint, he must do so by November 13, 2020.

DATED: October 14, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE